IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 12-81 |
| | ) | Civil No. 16-540 |
| | ) | Judge Nora Barry Fischer |
| NGOC PHU DINH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("Motion") filed by *pro se* Defendant Ngoc Phu Dinh ("Defendant"), (Docket No. 1266), which is opposed by the Government, (Docket No. 1281). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [1266] is denied.

### II. BACKGROUND

On April 4, 2014, Defendant pled guilty to a lesser included offense at Count One of the Indictment at Criminal Number 12-81 pursuant to a plea agreement with the Government, i.e., one count of conspiracy to possess with intent to distribute and to distribute less at least 50 kilograms of marijuana but less than 100 kilograms of marijuana, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and in violation of 21 U.S.C. § 846. (*See* Docket No. 845; *Plea Agreement dated 3/28/14* at ¶ A.1). By pleading to the lesser included offense, Defendant avoided the mandatory minimum penalty of 10 years' incarceration and up to a life term that was applicable to the charge in the Indictment. (*See* Docket Nos. 1, 2). Instead, the potential penalties in his case included a term of incarceration of up to 20 years' imprisonment and an

1

advisory guidelines range of 33-41 months. (Docket No. 1136). Defendant was eligible for a probationary sentence but the Court determined that probation was not appropriate in his case after considering all of the section 3553(a) factors, including his mental and emotional health conditions. (Docket Nos. 1144-45). However, the Court found sufficient bases to grant a downward departure and a downward variance, imposing a sentence of 18 months' incarceration, and a period of 3 years' supervised release. (*Id.*). The Court also ordered Defendant to pay a $100.00 special assessment and forfeit $37,870.00 in drug proceeds to the Government. (*Id.*).

The facts of Defendant's case were uncontested as no objections were lodged to the Presentence Investigation Report. (Docket Nos. 1136, 1144). The Court was well informed of Defendant's personal history and characteristics through the information contained in the PIR, and his counsel's advocacy in his Sentencing Memorandum and at the sentencing hearing. (Docket Nos. 938; 1128). To that end, Defendant is 56 years old. (Docket No. 938 at 3). He was born in Vietnam but fled there as a refugee and became a naturalized citizen of the United States in 1994. (*Id.* at ¶ 38-39). He has a limited educational background and a work history primarily consisting of positions in nail salons. (*Id.* at ¶¶ 59-61). For a time, he was a part-owner and operator of a nail salon in Murrysville with his now ex-wife. (*Id.*). During 2005-2006, Defendant served a sentence of 12 months and 1 day incarceration for a prior federal conviction for knowingly transporting more than $10,000.00 from the United States to Canada without reporting same to U.S. Customs. (*Id.* at ¶ 31). Defendant lied to customs agents when crossing the Peace Bridge into Canada near Buffalo and was found in possession of $119,000.00. (*Id.*).

During the time period of the events charged in the indictment, 2010-2012, Defendant lived at times in the Pittsburgh area but also periodically resided in Oakland, California. (*Id.* at ¶

42).  Prior to the sentencing in this matter, Defendant was not working and was receiving SSI benefits.  (*Id.* at ¶ 58).  As far as physical, mental and emotional conditions, it was reported that he suffered from depression and had frequent headaches.  (*Id.* at ¶¶ 45-52).  He advised that he frequently smoked marijuana to cope with his headaches.  (*Id.* at ¶ 53-54).  Defendant also obtained a medical marijuana permit from the State of California in February 2012 that was effective until February 2013.  (*Id.* at ¶ 55).

Defendant's conviction in this matter resulted from his participation in a large interstate marijuana trafficking conspiracy that moved more than 1,000 kilograms of high-grade marijuana from Oakland, California into the Pittsburgh area and generated millions of dollars in illegal revenue.  (Docket No. 938 at ¶ 9).  Defendant's role in the conspiracy involved him acting as a local Pittsburgh-based marijuana dealer who obtained multi-pound quantities of marijuana from ringleader Jennifer Chau Chieu and distributed same to his customers in exchange for thousands of dollars.  (*Id.* at ¶¶ 10-14).  Defendant was captured on multiple wiretaps having conversations with Chieu about marijuana transactions and was observed picking up packages containing marijuana from Chieu's home on video surveillance footage from a pole camera.  (*Id.* at ¶¶ 10-13).  In one eventful sequence during July of 2011, Defendant obtained 50 pounds of marijuana that was driven from California to this District by coconspirators Kiet Quoc Son and Qyunh Tran, sold the marijuana in a few days, and then provided the couple with $136,000.00 in proceeds to take back to the California supplier.  (*Id.* at ¶¶ 10-11).  The funds did not make the return trip as law enforcement stopped the van before the Ohio border and seized the money from Son and Tran.  (*Id.* at ¶ 11).  As part of his plea agreement, Defendant stipulated with the Government that he was responsible for the distribution of between 80 and 100 kilograms of marijuana.  (*Id.* at ¶ 14).

As noted, this Court sentenced Defendant to 18 months' incarceration and 3 years' supervised release on September 21, 2015. (Docket No. 1145). Defendant did not appeal his conviction or sentence to the Court of Appeals. (*See generally* Docket Report 12-81-04). However, subsequent to the sentencing proceeding, Defendant filed a series of motions which did not specifically rely upon 28 U.S.C. § 2255 but essentially sought resentencing or a reduced sentence due to his mental and emotional health conditions. (*See* Docket Nos. 1154, 1214, 1232, 1234). Defendant also complained of the lack of mental health treatment by the Bureau of Prisons ("BOP"). (*Id.*). After receiving responses from the Government, the Court denied all of these motions, noting that Defendant's mental health conditions were fully considered by the Court at the initial sentencing hearing and that this Court lacked jurisdiction to consider any challenges to the execution of his sentence by the BOP because he was serving his sentence at FCI Hazelton in the Northern District of West Virginia. (*See* Docket Nos. 1166, 1227, 1247). The Court further instructed Defendant that any judicial remedy for these asserted problems could not be entertained until he filed an appropriate a grievance with the BOP and that any lawsuit challenging the BOP's decision must be brought in the U.S. District Court for the Northern District of West Virginia. (*Id.*).

On May 2, 2016, Defendant timely filed his § 2255 Motion within one year of his sentence becoming final. (Docket No. 1266). The Court advised Defendant of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and he elected to proceed with the § 2255 Motion as filed. (Docket Nos. 1268, 173). The Government filed its response in opposition on June 15, 2016. (Docket No. 1281). The matter is now fully briefed and ripe for disposition.

III. LEGAL STANDARD

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. §

2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Lilly*, 536 F.3d at 195. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

IV. DISCUSSION

The primary basis for Defendant's *pro se* § 2255 Motion is that his federal conviction for conspiracy to distribute marijuana should be set aside and that his sentence of 18 months' incarceration should be vacated due to the Commonwealth of Pennsylvania's passage of legislation authorizing the distribution of medicinal marijuana within the Commonwealth on May 17, 2016. (Docket No. 1266). The Government responds that the state's medical marijuana law provides no basis to set aside Defendant's federal conviction and sentence. (Docket No. 1281). The Court agrees with the Government's position that habeas relief under § 2255 is not appropriate in this case for several reasons.

Initially, Courts have recognized that a state's authorization of the distribution of medical

5

and/or recreational marijuana does not support a claim for habeas relief from a federal marijuana conviction in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*. ("CSA"). *See United States v. Lepp*, 2013 WL 1435144, at *18 (N.D. Cal. Apr. 9, 2013) (denying petitioner leave to amend a § 2255 petition to add a claim raising equal protection challenge to the CSA); *Free v. United States*, 2008 WL 2714121, at *5 (E.D. Mich. Jul. 7, 2008) (denying petitioner leave to reopen § 2255 proceedings to raise a claim that many states have passed medical marijuana laws); *Young v. United States*, 2013 WL 4679931, at *7 (E.D. Tenn. Aug. 30, 2013) (District of Columbia's medical marijuana law provided no basis for relief from federal conviction). Despite the Commonwealth of Pennsylvania's enactment of its medical marijuana law, the distribution of marijuana remains illegal under federal law, 21 U.S.C. § 801, *et seq.*, and "[t]he Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail." *Gonzales v. Raich*, 545 U.S. 1, 29, 125 S. Ct. 2195, 2212, 162 L. Ed. 2d 1 (2005). Further, as this Court held in a Memorandum Opinion denying a pretrial motion to dismiss filed by codefendant Peter Tat, "arguments challenging the constitutionality of the enforcement of federal marijuana laws are not unique in that they have been repeatedly raised by criminal defendants and summarily rejected by the courts." *United States v. Tat*, Crim. No. 12-81, 2014 WL 1646943, at *4 (W.D. Pa. Apr. 24, 2014). Hence, the changes in state law do not provide grounds for relief under § 2255(a) which expressly limits the vacation of a defendant's sentence to situations where the "sentence was imposed in violation of the Constitution or laws of the United States," i.e., federal law. 28 U.S.C. § 2255(a).

Although the Commonwealth's medical marijuana law was passed during 2016, no actual distribution of medical marijuana has taken place because the Department of Health has only recently started taking applications for minors with serious medical conditions to possess and

administer the controlled substance within the Commonwealth under medical supervision. *See Department of Health Announces Completion of Temporary Guidelines for Safe Harbor Provision of Pennsylvania's Medical Marijuana Program*, available at: http://www.media.pa.gov/Pages/Health-Details.aspx?newsid=312 (last visited 7/8/16). The remainder of the medical marijuana legislation governing the activities of distributors and dispensaries is not expected to be fully implemented for another 18-24 months. *Id.* Of course, Defendant's marijuana trafficking activities occurred in 2010-2012 or at a time when Pennsylvania outlawed all forms of marijuana distribution and he was never authorized to distribute marijuana by any authorities, state or federal. *Cf. Tat*, 2014 WL 1646943, at *4 ("the criminal conduct charged in this case allegedly took place between June of 2010 and March of 2012, several years *before* Colorado and Washington's laws on personal use became effective and while the State of California regulates certain forms of medicinal marijuana, the Commonwealth of Pennsylvania has not."); *see also Young*, 2013 WL 4679931, at *7 ("the District of Columbia's medical marijuana law which became effective in July 2010 does not afford any plausible basis for granting relief to Young under 28 U.S.C. § 2255. It cannot reasonably be disputed that marijuana was classified by Congress as a Schedule I controlled substance prior to 2010. Young committed his criminal offenses long before 2010. He was indicted, convicted, and sentenced prior to 2010.") (citation omitted). Accordingly, Pennsylvania law did not authorize anyone – including Defendant – to distribute marijuana within the Commonwealth during the operative time period charged in the Indictment in this case.

Defendant raises a number of additional arguments that are likewise without merit, pointing to his mental health history, medical marijuana permit, and substance abuse in an effort

to mitigate the seriousness of his offense conduct and convince the Court to resentence him to time served. (Docket No. 1266). But, all of these factors were fully considered by the Court as part of its evaluation under 18 U.S.C. § 3553(a) at the sentencing hearing and a mere disagreement with the lawful sentence that was imposed by the Court within the boundaries permitted by the applicable statute is not a basis for habeas relief. *See* 28 U.S.C. § 2255(a) (a sentence is subject to collateral attack if "the sentence was in excess of the maximum authorized by law").

As the Court noted at the sentencing hearing, Defendant's California Cannabis Patient Card, which was effective from February 12, 2012 through February 13, 2013, did not authorize him to illegally distribute multi-pound quantities of marijuana in Pennsylvania during 2010-2012. (*See* Docket No. 938 at ¶ 55). Further, Defendant's present assertions that he only possessed marijuana for personal use and/or to self-medicate are not credited by the Court because they clearly conflict with the uncontested facts that Defendant admitted during the course of this matter. *See e.g., Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). To reiterate, Defendant's marijuana trafficking activities involved multi-pound quantities that far exceeded personal use and included, among other things, the event where he was fronted 50 pounds of marijuana by his supplier in July of 2011, sold it over a period of only a few days, and then provided his conspirators with $136,000.00 in drug proceeds to repay the California-based supplier. (*See* Docket No. 938 at ¶¶ 10-11).

Overall, the Court finds that there is no basis in law or fact justifying the extraordinary

relief to set aside Defendant's valid federal conviction and sentence under § 2255. Accordingly, his Motion is denied.

V.     CONCLUSION

Based on the foregoing, Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is denied, with prejudice. The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: July 8, 2016

cc/ecf: All counsel of record

    Ngoc Phu Dinh (USM# 11558-055)
    USP Hazelton-Camp
    P.O. Box 2000
    Bructon Mills, WV 26525